318

New Jersey Department of Labor,
Workmen's Compensation Bureau.

IRENE BRINING,. PETITIONER, v. BELL COMPANY, RESPONDENT.

Decided October 18, 1939.

For the petitioner, *Irving Binetsky*.

For the respondent, *Meyer M. Semel.*

\*       \*       \*       \*       \*       \*       \*

I do hereby find and determine as follows:

That the petitioner claims compensation as an employe of the respondent, alleging that she was employed as a saleslady at a weekly salary of $10 and transportation; that on the 19th of January, 1939, she fell down a flight of stairs in Leonia, New Jersey; and received a fracture of the left foot.

Respondent denies the agreement of employment, and relationship of employer and employe or master and servant, and put in evidence an agreement, in writing, dated the 19th of January, 1939, under the terms of which agreement the said Irene Brining became a "dealer," and the company "agrees to sell to the dealer, at a discount of forty per cent. from the retail price  \*  \*  \*. such of the merchandise as the dealer may desire." The agreement further provides that "the dealer has no authority to obligate the company in any way whatsoever. The company has no interest in the dealer's account with his customers."

The evidence adduced at the trial indicates clearly that the respondent company exercised no control over the petitioner. She was free to choose her own territory, devote as much of

her time to the selling of the company's products as she wished, was free to deal in other merchandise of persons other than the respondent, could come and go as she wished, and was subject to no rules, obligations, orders or instructions from the respondent. In short, the proof adduced indicates very clearly the relationship of an independent contractor.

After careful consideration of the evidence adduced, I am of the opinion that the petitioner has failed to establish the relationship of employer and employe, or master and servant, and that the injuries received by her did not arise out of and in the course of any employment relationship between the respondent and the petitioner.

It is, * * * ordered that said petition be and the same is hereby dismissed.

JOHN C. WEGNER,
*Deputy Commissioner.*